UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

25/26/29/30

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666-PSG | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** **The Court GRANTS IN PART and DENIES IN PART Fay's motion to dismiss, GRANTS First American's motion to dismiss, and GRANTS IN PART and DENIES IN PART Fay's motion to strike.**

Before the Court are three motions: (1) a motion to dismiss filed by Defendant Fay Servicing, LLC ("Fay"), *see generally* Dkt. # 25 ("*Fay Mot.*"); (2) a motion to dismiss filed by Defendant First American Title Insurance Company ("First American") (collectively with Fay, "Defendants"), *see generally* Dkt. # 29 ("*FA Mot.*"); and (3) a motion to strike filed by Fay, *see generally* Dkt. # 26 ("*Mot. to Strike*"). Plaintiffs David and Elle Seymour (collectively, "Plaintiffs") opposed each motion. *See generally* Dkt. # 32 ("*Opp. Fay Mot.*"); Dkt. # 33 ("*Opp. FA Mot.*"); Dkt. # 34 ("*Opp. Mot. to Strike*"). Defendants replied. *See generally* Dkt. # 38 ("*Reply Fay Mot.*"); Dkt. # 36 ("*Reply FA Mot.*"); Dkt. # 39 ("*Reply Mot. to Strike*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **GRANTS IN PART** and **DENIES IN PART** Fay's motion to dismiss, **GRANTS** First American's motion to dismiss, and **GRANTS IN PART** and **DENIES IN PART** Fay's motion to strike.

I.   Background

In 2006, Plaintiffs borrowed $735,000 from World Savings Bank secured by a deed of trust against their property in Santa Ynez, California. *First Amended Complaint*, Dkt. # 22 ("*FAC*"), ¶¶ 41, 43. By February 2020, Fay was Plaintiffs' mortgage servicer and First American was the loan trustee. *See id.* ¶ 46. In February 2020, Plaintiffs were two months delinquent on their loan payments, and Fay provided Plaintiffs with several options for loss mitigation. *Id.* ¶¶ 48, 51. However, it was not until May 4, 2020 that Fay ultimately notified Plaintiffs that they were in default. *Id.* ¶ 57.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

    In May 2020, Fay offered to put Plaintiffs on a short-term pandemic forbearance plan, which Plaintiffs accepted. *Id.* ¶ 70. In July, Fay informed Plaintiffs that they had been placed on the short-term forbearance plan, but that they needed to submit a loss mitigation application to be considered for more permanent relief. *Id.* ¶¶ 82–84. In September 2020, Plaintiffs submitted to Fay an allegedly complete loss mitigation application, which was later returned because Fay believed certain items were missing. *Id.* ¶¶ 93, 102–04. Plaintiffs resubmitted their documents by October 15, *id.* ¶ 110, and Fay acknowledged receipt of Plaintiffs' completed loss mitigation application on October 28, *id.* ¶ 129.

    Throughout these loss mitigation discussions, Plaintiffs allege that they were able to reach their "single point of contact" at Fay only once and instead were put in contact with numerous individuals across Fay's loss mitigation department who were largely unfamiliar with Plaintiffs' loan and their mitigation application. *See, e.g.*, *id.* ¶¶ 117–18, 132–33. Additionally, Plaintiffs allege that Fay and First American were simultaneously "dual tracking" by preparing to foreclose on Plaintiffs' property during loss mitigation discussions. *Id.* ¶¶ 113, 120.

    Indeed, on October 20 First American recorded a notice of default on Plaintiffs' deed of trust, just eight days before receiving Plaintiffs' completed loss mitigation materials. *See id.* ¶ 121. On November 16, Fay sent Plaintiffs a letter explaining that Plaintiffs were "not eligible for an alternative to foreclosure" but allegedly provided Plaintiffs insufficient "information to allow for an effective appeal." *Id.* ¶¶ 134–35. Instead, the letter requested $42,492.03 "as soon as possible" to avoid negatively impacting Plaintiffs' credit scores. *Id.* ¶ 136.

    In January 2021, Plaintiffs filed a complaint in California state court against Defendants, and Defendants removed in February. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*"). In March, Defendants rescinded the notice of default, *FAC* ¶ 139, and in April moved to dismiss, *see generally* Dkts. # 14, 17. Before the Court ruled on the motions, Plaintiffs amended their complaint. S*ee generally FAC*. Plaintiffs' amended complaint presses nine causes of action, most on behalf of themselves and others similarly situated. *See generally id.* Specifically, Plaintiffs allege the following:

> First Cause of Action (Fay): violation of Regulation X of the Real Estate Settlement Procedures Act ("RESPA") under 12 C.F.R. §§ 1024.41(b)(1)–(2), (c)(1), (c)(2)(iii)–(v), (c)(3), (d), (h), and (f)(2). *FAC* ¶¶ 155–204.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

    Second Cause of Action (Fay): violation of the California Homeowner Bill of Rights ("HBOR") under California Civil Code §§ 2923.6, 2923.7, 2924.10, 2924.11, and 2924.17.  *FAC* ¶¶ 205–50.

    Third Cause of Action (First American): violation of the HBOR under California Civil Code §§ 2923.6, 2924.17.  *FAC* ¶¶ 251–63.

    Fourth Cause of Action (Fay): violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §§ 1692e(2), (5), (8), (10), 1692f.  *FAC* ¶¶ 264–90.

    Fifth Cause of Action (First American): violation of FDCPA § 1692f(6).  *FAC* ¶¶ 291–301.

    Sixth Cause of Action (Fay): violation of California's Rosenthal Act under California Civil Code § 1788.17.  *FAC* ¶¶ 302–19.

    Seventh Cause of Action (First American): violation of California's Rosenthal Act under California Civil Code § 1788.17.  *FAC* ¶¶ 320–34.

    Eighth Cause of Action (Fay): negligent loan servicing.  *Id.* ¶¶ 335–47.

    Ninth Cause of Action (Fay and First American): violation of California Business and Professions Code § 17200.  *FAC* ¶¶ 348–64.

In June 2021, Defendants filed the instant motions to dismiss and motion to strike pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

II.    Judicial Notice

First American and Plaintiffs submitted requests for judicial notice or incorporation by reference.  *See generally* Dkts. # 30, 35.  The Court addresses each request in turn.

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint."  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

*News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). However, courts may also consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

First American submitted a request for incorporation by reference in support of its motion to dismiss. *See generally* Dkt. # 30. Specifically, it asks the Court to incorporate by reference: (1) an October 21, 2020 letter addressed to Plaintiff David Seymour from First American; and (2) an October 21, 2020 letter addressed to Plaintiff Elle Seymour. *Id.* 1:7–12. Plaintiff does not oppose the request, and these letters are referenced throughout the First Amended Complaint. *See FAC* ¶¶ 296, 323, 326. Accordingly, the Court **GRANTS** First American's request to incorporate these letters by reference. *See* Fed. R. Evid. 201(b); *In re NVIDIA Corp.*, 768 F.3d at 1051.

Plaintiffs submitted a request for judicial notice or incorporation by reference in support of their oppositions to Fay and First American's motions to dismiss. *See generally* Dkt. # 35. Plaintiffs ask the Court to take judicial notice of or incorporate by reference: (1) a November 16, 2020 transcript of a phone call between Plaintiff David Seymour and a Fay employee, Luke Visconti; (2) a February 24, 2020 assignment of Plaintiffs' deed of trust; and (3) a December 13, 2006 adjustable-rate mortgage note. *Id.* 1:8–14. Defendants do not oppose, and each document is referenced in Plaintiffs' first amended complaint. *See FAC* ¶¶ 41, 45-46, 132–33. Accordingly, the Court **GRANTS** Plaintiffs' request to incorporate by reference the transcript, the assignment, and the note. *See* Fed. R. Evid. 201(b); *In re NVIDIA Corp.*, 768 F.3d at 1051.

III.  Legal Standards

    A.  Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

*S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

B.   Motion to Strike

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. . . . If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion.'" *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12–CV–00846–LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

IV.   Discussion

The Court addresses (A) Fay's motion to dismiss, (B) First American's motion to dismiss, and (C) Fay's motion to strike in turn.

A.   Fay's Motion to Dismiss

Fay moves to dismiss the: (i) second cause of action for violation of California's HBOR; (ii) fourth cause of action violation of the FDCPA; (iii) sixth cause of action violation of the Rosenthal Act; (iv) eighth cause of action for negligent loan servicing; and (v) ninth cause of action for violation of the UCL. The Court addresses each cause of action in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

   *i.*  *Violations of the HBOR*

  Fay argues that Plaintiffs' HBOR claims should be dismissed because the notice of default on Plaintiffs' property was rescinded and, therefore, there are no ongoing foreclosure proceedings for Plaintiffs to enjoin under the HBOR. *Fay Mot.* 4:20–28. The Court agrees.

  The HBOR was enacted to provide borrowers with a "meaningful opportunity to obtain available loss mitigation options" when faced with foreclosure. Cal. Civ. Code § 2923.4. The HBOR provides injunctive relief for "material violations" occurring prior to foreclosure or money damages if a borrower seeks relief after a foreclosure sale. *Id.* § 2924.12(a)–(b). However, if a mortgage servicer or trustee "corrects and remedies" a violation "prior to the recordation of the trustee's deed upon sale," the servicer "shall not be liable for any violation." *Id.* § 9224.12(c).

  California federal district courts have interpreted this to mean that, if no foreclosure sale is pending, plaintiffs are not entitled to injunctive relief for any HBOR violation. *See Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 603–04 (E.D. Cal. 2017) (dismissing numerous claims under the HBOR because there was no pending foreclosure sale after recission of the notice of default); *Tobin v. Nationstar Mortg., Inc.*, No. CV 16-00836 CAS ASX, 2016 WL 1948786, at *11 (C.D. Cal. May 2, 2016) ("[P]laintiff is only entitled to injunctive relief as to a pending foreclosure sale."); *Ellis v. Bank of Am., N.A.*, No. CV 13-5257 CAS (AGRx), 2013 WL 5935412, at *11 (C.D. Cal. Oct. 28, 2013) (dismissing all HBOR claims because there was "no foreclosure activity against the property and plaintiff d[id] not allege that a trustee's sale ever took place").

  Plaintiffs contend that the HBOR provides injunctive relief to enjoin any enumerated violation under § 2924.12, "not just to stop an impending foreclosure sale." *Opp. Fay Mot.* 12:4–7. However, Plaintiffs present no citable authority to support this claim, and in any event, the unpublished tentative rulings Plaintiffs do cite do not support Plaintiffs' reading of § 2924.12. *See id.* 12:14–24. In *Leonard v. JPMorgan Chase Bank NA*, No. 34201400159785 CUORGD, 2014 WL 5438030, at *2 (Cal. Super. Oct. 21, 2014), there was still a pending notice of default, and thus a pending foreclosure action on the property, so the court found that the plaintiff could still seek injunctive relief. In *Carlson v. Bank of America NA*, No. 34201300146669 CUORGD, 2014 WL 1240251, at *1 (Cal. Super. Mar. 25, 2014), the court found that the plaintiffs' HBOR causes of action should not be dismissed because, although no notice of default had been filed yet, it was clear from the record that "the foreclosure process ha[d] commenced."

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

In short, Plaintiffs have not alleged that there is an ongoing foreclosure action, so even if Fay violated the HBOR, the Court cannot grant injunctive relief under the HBOR. Accordingly, the Court **GRANTS** Fay's motion to dismiss Plaintiffs' second cause of action for violation of the HBOR.

        *ii.*       *Violation of the FDCPA*

Fay argues that Plaintiffs' FDCPA claims should be dismissed because Fay is not a "debt collector" under the Act. *See Fay Mot.* 11:15–28. The Court agrees in part.

The FDCPA provides for civil damages against a "debt collector" if the debt collector engages in certain abusive practices. *See* 15 U.S.C. §§ 1692d–f, 1692k. Under the FDCPA's primary definition, a "debt collector" is a person or entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or assessed to be owed or due another." *Id.* § 1692a(6). However, it is "well settled that the FDCPA's [primary] definition of debt collector does not include . . . a mortgaging servicing company." *Lal v. Am. Home Svc. Inc.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010).

The FDCPA also provides a "narrower definition" of the term debt collector that applies to "entities whose principal business purpose is 'the enforcement of security interests.'" *Vien-Phuong Thi Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 573 (9th Cir. 2017). This definition applies "only for the limited purposes of section 1692f(6)." *Id.*; *see also Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1037 (2019) ("[G]iving effect to every word of the limited-purpose definition narrows the primary definition, so that the debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who, like [the defendant], are engaged in no more than security-interest enforcement."). In other words, because Congress included a second, narrower definition of debt collector that applies to security-interest enforcement entities, such entities are *not* included in the broader definition. *See Obduskey*, 139 S. Ct. at 1037.

Here, Plaintiffs allege that Fay is a "debt collector" because it "regularly attempts to collect debts owed to others through its *mortgage servicing division*." *FAC* ¶ 268 (emphasis added). It is beyond dispute that a mortgage servicer is not a debt collector under the FDCPA's primary definition of debt collector. *See Obduskey*, 139 S. Ct. at 1037; *Vien-Phuong Thi Ho*, 858 F.3d at 573; *Lal*, 680 F. Supp. 2d at 1224. As a result, Plaintiffs' claims under § 1692e fail as a matter of law. Plaintiffs also allege that Fay violated § 1692f but do not specify that they are proceeding under § 1692f(6), *FAC* ¶¶ 285–87, which is the only subsection that applies the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

narrower definition of "debt collector." Because the Court cannot readily determine from Plaintiffs' numerous allegations the specific subsection of § 1692f that Plaintiff relies on, Plaintiffs claim under § 1692f also fails.

Accordingly, because Fay is not a debt collector under the primary definition of the FDCPA, the Court **GRANTS** Fay's motion to dismiss Plaintiffs' fourth cause of action for FDCPA violations under §§ 1692e(2), (5), (8), and (10). The Court also **GRANTS** Fay's motion to dismiss Plaintiffs' claims under § 1692f because Plaintiffs failed to plead that Fay violated § 1692f(6) specifically.

### iii. Violation of the Rosenthal Act

Fay does not contest that it is a "debt collector" for purposes of the Rosenthal Act, but it argues that Plaintiffs' claim should be dismissed because non-judicial foreclosure is not "debt collection" under the Rosenthal Act. *See Fay Mot.* 16:9–17:10. The Court disagrees.

The Rosenthal Act was enacted to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b). The Act incorporates and requires compliance with the FDCPA, but it applies more broadly than the FDCPA. *See id.* § 1788.17. For example, "debt collector" is more broadly defined as anyone "who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." *Id.* § 1788.2(c). "Debt collection" is also broadly defined as collecting "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." *See id.* §§ 1788.2(b), (f). And "consumer credit transactions" include both the acquisition of property on credit and mortgage debt. *Id.* § 1788.2(e)–(f).

California courts have interpreted theses sections to mean "that the Rosenthal Act's definition of 'debt collector' applies to a mortgage servicer who engages in debt collecting practices in attempting to obtain repayment of mortgage debt." *See Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 304 (2018). The *Davidson* court was careful to note that it narrowly addressed only whether a mortgage servicer could ever be a debt collector under the Rosenthal Act, not whether foreclosure activities constituted debt collection. *Id.* at 301 & n.14. However, a California court of appeals resolved that question earlier this year. In *Best v. Ocwen Loan Servicing, LLC*, 64 Cal. App. 5th 568, 580 (2021), the court definitively held that "a nonjudicial foreclosure can be 'debt collection' by a 'debt collector' so as to trigger the protections of the Rosenthal Act."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

Here, Fay's only argument for dismissal is that, under the Rosenthal Act, non-judicial foreclosure is not "debt collection." *See Fay Mot.* 16:9–17:10. Fay cites a myriad of federal district court cases that unambiguously support Fay's contention. *Id.* 16:13–25. But these cases were decided before *Davidson* and *Best*, and therefore they lacked the benefit of California's appellate courts' reasoned interpretation of California state law. *See, e.g.*, *Canales v. Fed. Home Loan Mortg. Corp.*, No. CV 11-2819 PSG VBKX, 2011 WL 3320478, at *5 (C.D. Cal. Aug. 1, 2011) ("[F]oreclosing on a property pursuant to a deed of trust is not considered debt collection within the meaning of this statute."). However, when a federal court is required to apply state law and no relevant precedent exists from the state's highest court, the court must follow state intermediate appellate court decisions unless there is convincing evidence that the state's supreme court would not follow it. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

Fay argues that this Court should not follow *Best* because the court was wrong to rely on the U.S. Supreme Court decision in *Obduskey* and the California Court of Appeals decision in Davidson to reach the conclusion that non-judicial foreclosure was "debt collection" under the Rosenthal Act. *Reply Fay Mot.* 6:20–8:4. The Court disagrees. The U.S. Supreme Court found in *Obduskey that* "foreclosure is a means of collecting a debt." 193 S. Ct. at 1036. In other words, although *Obduskey* held that security-interest enforcement entities were not "debt collectors" due to Congress's decision to supply two definitions for the term "debt collector," it strongly suggested that foreclosure activities by a "debt collector" would constitute "debt collection" under the FDCPA. *See id.* The FDCPA is substantially similar to the Rosenthal Act, so the *Best* court had every reason to look to the U.S. Supreme Court for interpretive guidance. Moreover, in 2019, the California Legislature amended the Rosenthal Act to further regulate the home lending market. *See* S.B. 157, 2019 Leg., Ch. 545 § 2 (Cal. 2019). And Fay acknowledges that this amendment effectively "codif[ied] the holding of *Davidson*"—i.e., that mortgage loan servicers were "debt collectors" within the meaning of the Rosenthal Act. *Reply Fay Mot.* 7:26–8:1.

Accordingly, guided by (1) the *Best* court's reasoned statutory interpretation of California law; (2) on-point dicta from the U.S. Supreme Court on a substantially similar statute; and (3) recent legislative amendments to further regulate the home lending market under the Rosenthal Act, the Court finds no convincing evidence that California's highest court would not adopt *Best*'s holding that non-judicial foreclosure activities constitute "debt collection" under the Rosenthal Act. *See Ryman, 505 F.3d at 994.*

9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

In short, non-judicial foreclosure is debt collection under the Rosenthal Act, and the Court **DENIES** Fay's motion to dismiss Plaintiffs' sixth cause of action.

    *iv.*    *Negligent Loan Servicing*

Fay argues that Plaintiffs' negligent loan servicing cause of action should be dismissed because loan servicers do not owe borrowers a duty of care. *Fay Mot.* 17:11–28. The Court agrees.

To state a cause of action for negligent loan servicing, a plaintiff must demonstrate that: (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the breach proximately caused the plaintiff's damages or injuries. *Thomas v. Stenberg*, 206 Cal. App. 4th 654, 662 (2012). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender."); *see also Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) (describing "active participation" in a financed enterprise as something requiring "extensive control and shared profits"). However, there is a split of authority as to whether lenders owe borrowers a duty of care when considering loan *modification* applications.

This Court has previously examined this split and determined that lenders owe no duty of care in such circumstances. *See Cruz v. Freedom Mortg. Corp.*, No. CV 18-1438 PSG (KSx), 2018 WL 6118532, at *5–6 (C.D. Cal. May 3, 2018); *Roberts v. Wells Fargo, N.A.*, No. CV 16-476 PSG (GJSx), 2016 WL 7469625, at *4–6 (C.D. Cal. May 17, 2016); *Carbajal v. Wells Fargo Bank, N.A.*, No. CV 14-7851 PSG (PLAx), 2015 WL 2454054, at *4–7 (C.D. Cal. Apr. 10, 2015). In *Roberts*, 2016 WL 7469625, at *4, Court began its analysis by comparing *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013), in which the California court determined that a servicer "did not have a common law duty of care to offer, consider, or approve a loan modification," *id.* at 68, and *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014), which disagreed with that conclusion, *see*. The Court concluded that these "two cases' holdings [were] irreconcilable." *Roberts*, 2016 WL 7469625, at *4 (quoting *Carbajal*, 2015 WL 2454054, at *5). After noting that the California Supreme Court had not yet spoken on this issue, this Court concluded that it "agree[d] with the reasoning in *Lueras*," writing:

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

The Court fails to discern how considering an application for the renegotiation of loan terms could fall outside the scope of a lender's conventional role as a lender of money. In a modification application mishandling case, there is no active participation in the borrower's financed enterprise that demonstrates that the lender is acting outside the scope of conventional arms-length lending activity.

*Roberts*, 2016 WL 7469625, at *5 (quoting *Carbajal*, 2015 WL 2454054, at *6) (citation and internal quotation marks omitted). This Court also noted that, if the transaction were considered under the traditional *Biakanja* factors, *see Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d 850, 865 (1968), then the Court would "continue[] to adhere to its determination that lenders do not owe borrowers a duty of care when considering loan modification applications because the harm to borrowers in the modification context is only remotely connected to lenders." *Roberts*, 2016 WL 7469625, at *5 (quoting *Carbajal*, 2015 WL 2454054, at *6).

In the intervening years, courts have continued to split on this issue. *Compare Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1116–17 (E.D. Cal. 2015) (holding that no duty of care exists) *and Griffin v. Green Tree Servicing, LLC*, No. CV 14-09408 MMM (VBKx), 2015 WL 10059081, at *11–14 (C.D. Cal. Oct. 1, 2015) (same) *with Rossetta v. CitiMortgage, Inc.*, 18 Cal. App. 5th 628, 640–41 (2017) (holding that a duty of care exists) *and Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1183 (2016) (same). The Court, for its part, continues to believe that its analysis set forth in *Cruz*, *Carbajal*, and *Roberts* is correct, and that no duty of care exists in the review of the loan modification or loss mitigation process.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's eighth cause of action for negligent loan servicing.

   v.  *Violation of the UCL*

Fay moves to dismiss Plaintiffs' UCL claim because Plaintiffs have not demonstrated any unfair, unlawful, or fraudulent business practices, and even if they had, Plaintiffs lack standing under California Business and Professions Code § 17204. *Fay Mot.* 19:5–9, 24–28. The Court disagrees on both grounds.

The UCL proscribes unfair, fraudulent, and unlawful business practices. Cal. Bus. & Prof. Code § 17200. A business practice is "unlawful" if it is "forbidden by law." *People v. McKale*, 25 Cal. 3d 626, 634 (1975). The California Supreme Court has explained that the UCL effectively "borrows" a violation of a state or federal law "when committed pursuant to business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

activity" and makes it "independently actionable" under the UCL. *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992).

California Business and Professions Code § 17204 defines the standing requirements for all UCL violations. It provides, in relevant part, that the plaintiff must have "lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court has interpreted this to require that plaintiffs "show that the[ir] economic injury was the result of, i.e., *caused by,* the unfair business practice." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011); *McVicar v. Goodman Glob., Inc.*, 1 F. Supp. 3d 1044, 1052 (C.D. Cal. 2014).

Here, Plaintiffs have alleged numerous violations of RESPA that Fay has not moved to dismiss. *See FAC* ¶¶ 155–204. And, as the Court has already determined above, Fay is not entitled to dismissal of Plaintiffs' Rosenthal Act claims. That alone is adequate to sustain Plaintiffs' UCL claim under the "unlawful" prong at this stage. *See Wolski v. Fremont Inv. & Loan*, 127 Cal. App. 4th 347, 357 (2005) (explaining that a UCL claim rises or falls with the underlying claim on which it is based).

Turning to the standing requirement for a UCL violation, Fay claims that Plaintiffs have suffered no economic injury caused by a UCL violation. *Fay Mot.* 19:24–28. However, Plaintiffs' RESPA and Rosenthal Act claims specifically allege that Plaintiffs were improperly charged foreclosure filing fees, interest, and monthly property inspection fees cause by violations of each Act. *See FAC* ¶¶ 187–88, 315. This is sufficient "economic injury" that, according to Plaintiffs, was caused by Fay's various violations of RESPA and the Rosenthal Act. Because Plaintiffs have adequately pleaded economic injury caused by a UCL violation, they have standing under the UCL.

Accordingly, the Court **DENIES** Fay's motion to dismiss Plaintiffs' ninth cause of action for violation of the UCL.

        vi.    *Leave to Amend*

Plaintiffs request leave to amend. *See Opp. Fay Mot.* 11:3, 16:21.

Whether to grant leave to amend rests in the sound discretion of the trial court. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Courts consider whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend

Case 2:21-cv-01666-PSG-AS Document 41 Filed 08/25/21 Page 13 of 20 Page ID #:890

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

would be futile. *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Court dismissed Plaintiffs' second cause of action for violation of the HBOR under California Civil Code §§ 2923.6, 2923.7, 2924.10, 2924.11, and 2924.17 because there is no ongoing foreclosure proceeding. This defect cannot be cured by an amendment consistent with Plaintiffs' current pleadings. Accordingly, the Court **DENIES** leave to amend Plaintiffs' second cause of action.

The Court dismissed Plaintiffs' Fourth cause of action for violation of the FDCPA under §§ 1692e(2), (5), (8), and (10) because Fay, as a loan servicer, is not a "debt collector" under those sections of the FDCPA. Accordingly, the Court **DENIES** leave to amend. However, the Court dismissed Plaintiffs' FDCPA claims under § 1692f because Plaintiffs failed specifically plead that Fay violated § 1692f(6). This defect may be cured by amendment. Accordingly, the Court **GRANTS** leave to amend to properly allege a violation of § 1692f(6).

The Court dismissed Plaintiffs' eighth cause of action for negligent loan servicing because the Court once again held that no duty of care exists between a lender and a borrower in loan modification context. Accordingly, the Court **DENIES** leave to amend the eighth cause of action.

  B. <u>First American's Motion to Dismiss</u>

First American moves to dismiss Plaintiffs' (i) state law claims on "trustee's privilege" grounds, and (ii) FDCPA claim because Plaintiffs have failed to plead a violation of 15 U.S.C. § 1692f(6). The Court addresses each argument in turn.

    i. *Trustee's Privilege*

First American moves to dismiss Plaintiffs' third, fifth, and ninth causes of action under the HBOR, the Rosenthal Act, and the UCL, respectively, because Plaintiffs are suing First American in its capacity as trustee, and trustees are immune from suits premised on

13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

communications relating to a non-judicial foreclosure sale. *FA Mot.* 4:21–8:10. The Court agrees.

A trustee's actions related to recording a notice of default in a non-judicial foreclosure sale are privileged communications under California Civil Code § 47 and, as such, cannot support any tort claim except malicious prosecution. *See* Cal. Civ. Code § 2924(d); *Schneidereit v. San Luis Cap., Inc.*, No. CV 12-8253 PSG (EX), 2013 WL 12138726, at *2 (C.D. Cal. Apr. 16, 2013), *aff'd on this ground*, 648 F. App'x 642 (9th Cir. 2016). The California Supreme Court has not yet resolved a split of authority regarding whether this privilege is absolute or qualified, but if qualified, a plaintiff must plead "malice or other significant wrongdoing" to defeat the privilege. *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1127 (E.D. Cal. 2014). Malice requires either "hatred or ill will" toward a plaintiff or a "reckless disregard" for the plaintiff's rights. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 336 (2008).

Here, each of Plaintiffs' state law claims against First American is premised on First American's acts as trustee when it communicated with Fay and recorded a notice of default on Plaintiffs' property. *See FAC* ¶¶ 251–63 (HBOR); *id.* ¶¶ 326–29 (Rosenthal Act); *id.* ¶¶ 348–64 (UCL). These actions are privileged under California law. *See* Cal. Civ. Code § 2924(d); *Schneidereit*, 2013 WL 12138726, at *2.

However, Plaintiffs argue that First American's actions were malicious and thus not subject to the trustee's privilege. *Opp. FA Mot.* 9:7–12:13. Specifically, Plaintiffs allege that "First American failed to inquire" into whether Plaintiffs' RESPA and HBOR rights were violated and "failed to determine the status of any loan forbearance" before recording the notice of default. *FAC* ¶¶ 125–27. These allegations are insufficient as a matter of law to demonstrate malice. *See Kachlon*, 168 Cal. App. 4th at 344 (explaining that "recording the notice of default without adequate investigation" was, "at worst, negligent" and thus fell short of malice). Proving malice requires far more than Plaintiffs have alleged. *See, e.g.*, *Arthur v. JP Morgan Chase, N.A.*, No. CV 11-435 SI, 2011 WL 1882078, at *4 (N.D. Cal. May 17, 2011) (finding malice where trustee deliberately falsified records, overstated the default amount, and listed plaintiffs' home as a "hot property"). Therefore, as currently alleged, all First American's actions as trustee related to recording the notice of default were privileged.

Accordingly, the Court **GRANTS** First American's motion to dismiss Plaintiffs' third cause of action for violations of the HBOR, seventh cause of action for violation of the Rosenthal Act, and ninth cause of action for violation of the UCL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

    *ii.*    *FDCPA Claim*

First American moves to dismiss Plaintiffs' fifth cause of action for violation of § 1692f(6) of the FDCPA because Plaintiffs' allegations are factually insufficient. *FA Mot.* 17:23–19:19. Plaintiffs failed to oppose First American's *factual insufficiency* argument and instead spent over five pages arguing a non-issue—that First American is a debt collector for purposes of § 1692f(6). *See Opp. FA Mot.* 16:8–18:23, 23:3–27:6. Unopposed arguments are deemed conceded. *See Tapia v. Wells Fargo Bank, N.A.*, No. CV 15-03922 DDP (AJWX), 2015 WL 4650066, at *2 (C.D. Cal. Aug. 4, 2015) (arguments to which no response is supplied are deemed conceded); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (same). Accordingly, the Court **GRANTS** First American's motion to dismiss Plaintiffs fifth cause of action for violation of § 1692f(6) of the FDCPA.

    *iii.*    *Leave to Amend*

Plaintiffs request leave to amend. *See Opp. FA Mot.* 11:2–3, 16:20–21.

The Court dismissed Plaintiffs' fifth cause of action because Plaintiffs failed to oppose First American's factual insufficiency argument. However, the Court **GRANTS** leave to amend because it is possible to cure the factual deficiencies outlined in First American's motion to dismiss. *See Kajberouni v. Bear Valley Cmty. Servs. Dist.*, No. 19 CV 1703 DAD (JLT), 2021 WL 1907606, at *3 (E.D. Cal. May 12, 2021) (explaining that failure to oppose does not necessarily require dismissal with prejudice if the unopposed pleading defects could be cured by amendment).

The Court dismissed Plaintiffs' third, seventh, and ninth state law causes of action because Plaintiffs failed to allege malice sufficient to overcome First American's trustee's privilege. Although the Court **GRANTS** leave to amend for Plaintiffs' to plausibly allege malice, the Court briefly addresses the merits of Plaintiffs' state law claims to limit the scope of amendment.

    *a.*    *HBOR*

As to Plaintiffs' third cause of action for violation of the HBOR, the Court **DENIES** leave to amend because there are no ongoing foreclosure proceedings, which are required for injunctive relief under the HBOR. *See Shupe*, 231 F. Supp. 3d at 603–04. Plaintiffs cannot cure

15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

this defect by alleging additional facts consistent with the current pleadings. *See Schreiber Distrib. Co.*, 806 F.2d at 1401.

> b. *Rosenthal Act*

As to Plaintiffs' seventh cause of action for violation of the Rosenthal Act, the Court **DENIES** leave to amend because trustees are exempt from liability under the Rosenthal Act for the violations Plaintiffs allege. *See* Cal. Civ. Code § 2924(b) ("In performing the acts required by this article, a trustee shall not be subject to Title 1.6c (commencing with Section 1788) of Part 4[—i.e., the Rosenthal Act]."); *Vien-Phuong Thi Ho*, 858 F.3d at 574 n.8 (noting that the California legislature deliberately exempted trustees from liability under the Rosenthal Act); *see also Fitzgerald v. Bosco Credit, LLC*, No. 16-cv-01473, 2017 WL 3602482 at *9 (N.D. Cal. Aug. 21, 2017); *Salazar v. Tr. Corps.*, No. 08-cv-2142, 2009 WL 690185 at *25 (S.D. Cal. Mar. 12, 2009).

> c. *UCL*

As to Plaintiffs' ninth cause of action for violation of the UCL, the Court **GRANTS** leave to amend because it is possible that Plaintiffs could amend to properly allege an FDCPA violation, which is enough at this stage to support a UCL claim.

C.  Fay's Motion to Strike

Fay moves to strike (i) various background and pattern and practice allegations, and (ii) all class action allegations in the first amended complaint, *Mot. to Strike* 4:21–12:6. The Court addresses each ground in turn.

> i. *Background and Patten and Practice Allegations*

Background and historical material generally should not be stricken "unless it is unduly prejudicial to the opponent." *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *8 (N.D. Cal. July 30, 2020). However, if there is any doubt about that the challenged allegations could bear on an issue in dispute, the motion to strike should be denied. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015).

Here, Fay moves to strike paragraphs 12–22 and 32–37 of the amended complaint because the paragraphs provide only historical background information, "irrelevant" allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

about Fay's business model, and "potentially prejudicial" information about a Consumer Financial Protection Bureau action against Fay. *Mot. to Strike* 4:22–5:15. Plaintiffs justify the background information allegations by suggesting that they provide context to explain why RESPA exists so it can be properly "interpreted in a manner consistent with the legislative intent," and justify the pattern and practice allegations because they are directly relevant to whether Fay's violation of RESPA was "willful." *Opp. Mot. to Strike* 16:27–17:9. Plaintiffs also point out that Defendant "has not offered any argument that it will be prejudiced by this background information." *Id.* 17:10–14. The Court agrees; merely calling an allegation "prejudicial" does not make it so. The Court is also unconvinced that these allegations would have *no* bearing on this case. *See Holmes*, 966 F. Supp. 2d at 930.

Accordingly, the Court **DENIES** Fay's motion to strike paragraphs 12–22 and 32–37 of Plaintiffs' first amended complaint.

### ii. Class Action Allegations

Fay moves to strike Plaintiffs' class allegations, as well as any reference to "class members" throughout the first amended complaint. *See Mot. to Strike* 2:3–25.

### a. Legal Standard

"A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify a case as a class action." *Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017). Striking class allegations prior to a formal certification motion is generally disfavored because the factual record is usually undeveloped. *See Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating "it is in fact rare to [strike class allegations] in advance of a motion for class certification," and holding "it is premature to determine if this matter should proceed as a class action" because discovery has not begun); *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (declining to consider the adequacy of class allegations on a motion to strike).

"However, as the Supreme Court has explained, '[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.'" *Keen v. Coral Reef Prods., Inc.*, No. SA CV 14-00814-JVS (JCGx), 2015 WL 12910696, at *2 (C.D. Cal. 2015) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (alteration in original). A court, therefore, may strike class allegations when no class action can possibly be maintained on the face of the pleading.

17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

*See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (striking class allegations due to predominance of individual issues on certain claims); *Stokes v. CitiMortgage, Inc.*, No. CV 14-00278-BRO (SHx), 2015 WL 709201, at *4 (C.D. Cal. Jan. 16, 2015) ("Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis." (citations omitted)); *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW (JEMx), 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) ("[W]here the matter is sufficiently obvious from the pleadings, a court may strike class allegations.").

"As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiffs allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Tietsworth*, 720 F. Supp. 2d at 1146. "[L]eave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment." *Id.*

### b. Class Certification Requirements

Federal Rule of Civil Procedure 23 governs the maintenance of class actions in federal court. Rule 23(a) ensures that the named plaintiffs are "appropriate representatives of the class whose claims they wish to litigate." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Plaintiffs must satisfy all of Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy—and at least one of the requirements of Rule 23(b). *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). Plaintiffs bring putative class actions under Rule 23(b)(3), *see FAC* ¶¶ 151–54, which requires the Court to find that (1) "questions of law or fact common to class members predominate over any questions affecting only individual class members" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," *see* Fed. R. Civ. P. 23(b)(3) (referring to the dual requirements as "predominance" and "superiority"). Rule 23(b)(3) specifically mandates that the Court consider "the likely difficulties in managing a class action." *See Briseno v. ConAgra Foods*, 844 F.3d 1121, 1126 (9th Cir. 2017).

Here, Plaintiffs bring their first and fourth causes of action for violations of RESPA and the FDCPA on behalf of themselves and a "Nationwide Servicer Class," which encompasses anyone in the United States "who submitted a loss mitigation application to [Fay] within the last three years." *FAC* ¶ 141. Plaintiffs also bring their second, fourth, sixth, eighth, and ninth causes of action on behalf of a "California Servicer Subclass," which encompasses anyone in California who "submitted a loss mitigation application to [Fay] within the last four years." *Id.* ¶ 143. This Order dismisses some of Plaintiffs' putative class claims without leave to amend. Accordingly, in ruling on the instant motion to strike, the Court considers only Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

remaining first, fourth, sixth, and ninth causes of action for violations of RESPA, the FDCPA, the California Rosenthal Act, and the UCL, respectively.

Fay claims that Plaintiffs' allegations are threadbare and conclusory and thus fail to comply with Rule 8. *See Mot. to Strike* 10:9–24. However, Plaintiffs allege each of the Rule 23 requirements for class certification, *see FAC* ¶¶ 146–54, and although they are largely conclusory, that is generally not a sufficient reason to strike class allegations. *See Petterson v. Circle K Stores Inc.*, No. 21-CV-00237-H-BGS, 2021 WL 1749899, at *5 (S.D. Cal. May 4, 2021) ("Unless and until a court has determined a class cannot be certified, even conclusory class allegations will survive a motion to strike." (internal quotation marks omitted)).

Next, Fay contends that Plaintiffs' class allegations are insufficient to demonstrate "ascertainability." *See Mot. to Strike* 6:22–25. However, in *Briseno*, the Ninth Circuit concluded that Rule 23 does not impose a separate ascertainability requirement; rather, courts in the Ninth Circuit are to assess the administrative feasibility of the class action under Rule 23(b)(3)'s superiority analysis. *See* 844 F.3d at 1125–26. Accordingly, "ascertainability" is an insufficient ground to strike Plaintiffs' class action allegations.

Finally, Fay argues that Plaintiffs' allegations are "so vague and overbroad as to preclude any finding of commonality or predominance." *Mot. to Strike* 6:22–25. Indeed, Plaintiffs have attempted to plead commonality and predominance by simply putting a question mark after each substantive cause of action alleged in their complaint. *See, e.g.*, ¶ 147 ("Whether [Fay] violated RESPA . . . Whether Plaintiffs and members of the classes were damages as a result of [Fay's] violations of RESPA . . . Whether defendants violated 15 U.S.C. § 1692f."). The Supreme Court has made abundantly clear that commonality "does not mean merely that [class members] have all suffered a violation of the same provision of law" and that questions like, "Is that an unlawful employment practice? What remedies should we get?" are not common questions of law. *Dukes*, 564 U.S. 338 at 349. That is precisely what Plaintiffs have done here. *See FAC* ¶ 147. As a result, Plaintiffs have failed to plead commonality, and by extension, predominance.

Accordingly, the Court **GRANTS** Fay's motion to strike Plaintiffs' class action allegations. However, the Court is unconvinced that Plaintiffs could not amend to cure these deficiencies. As such, the Court **GRANTS** Plaintiffs leave to amend the class action allegations. *See Holly v. Alta Newport Hosp., Inc.*, No. CV 19-07496 ODW (MRWx), 2020 WL 1853308, at *7 (C.D. Cal. Apr. 10, 2020) (granting leave to amend class action allegations where plaintiff obviously failed to adequately plead a Rule 23(a) requirement).

19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1666 | Date | August 25, 2021 |
|---|---|---|---|
| Title | David Seymour et al v. Fay Servicing, LLC et al | | |

V. Conclusion

For the foregoing reasons, the Court rules as follows:

The Court **GRANTS** the motions to dismiss without leave to amend as to the:

- Second cause of action against Fay under the HBOR
- Third cause of action against First American under the HBOR
- Fourth cause of action against Fay under FDCPA §§ 1692e(2), (5), (8), (10).
- Seventh cause of action against First American under the Rosenthal Act
- Eighth cause of action against Fay for negligent loan servicing

The Court **GRANTS** the motions to dismiss with leave to amend as to the:

- Fourth cause of action against Fay under FDCPA § 1692f(6)
- Fifth cause of action against First American under FDCPA § 1692f(6)
- Ninth cause of action against First American under the UCL, provided Plaintiffs can demonstrate malice to defeat the trustee's privilege

The Court **DENIES** Fay's motion to dismiss as to the:

- Sixth cause of action under the Rosenthal Act
- Ninth cause of action under the UCL

The Court also **GRANTS** Fay's motion to strike with leave to amend the class allegations but **DENIES** Fay's motion to strike the background and pattern and practice allegations.

An amended complaint must be filed no later than **October 8, 2021** or the Court will dismiss the fourth and fifth causes of action, dismiss the ninth cause of action against First American, and strike the class allegations with prejudice.

**IT IS SO ORDERED.**